The opinion below is hereby dated as though signed
on January 3, 2006--as the opinion refers to a
hearing of "today" which was on January 3,
2006--even though the opinion is being signed anew
(due to an error in the signing attempted on January
3, 2006, requiring the court to re-sign the opinion
on January 9, 2006).  Dated: January 3, 2006
(January 9, 2006, made nunc pro tunc to January 3,
2006).



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
RONA P. HAY,                       )   Case No. 04-00798
                                   )   (Chapter 7)
          Debtor.                  )
_____        )
                                   )
PATRICK G. MERKLE,                 )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   Adversary Proceeding No.
                                   )   04-10072
RONA P. HAY,                       )
                                   )
          Defendant.               )
```

INTERIM OPINION REGARDING PLAINTIFF'S
RECOVERABLE DAMAGES ON MOTION FOR DEFAULT JUDGMENT

The complaint in this adversary proceeding seeks a determination that the debt owed the plaintiff Patrick G. Merkle by the defendant, Rona P. Hay, the debtor in the bankruptcy case in which this adversary proceeding is being pursued, is nondischargeable under § 523(a)(6), and a judgment for the amount owed pursuant to that debt.  Merkle has moved for entry of a default judgment against Hay, and at the November 2, 2005 hearing

on the motion for default judgment, Hay failed to appear to show cause why default judgment ought not be entered against her. The court set a damages hearing. Merkle appeared today at that hearing, and, in light of colloquy with the court, requested and obtained a continuance before finally presenting evidence of damages. The requested continuance was to permit Merkle to evaluate the standards under District of Columbia law, discussed below, for recovery of damages as to the types of claims he is asserting.

I

The complaint alleges that Hay brought a Superior Court civil action against Merkle:

> "knowing that the claim which she filed was false and which, by its very nature, would be embarrassing and damaging to the reputation of Merkle even though it had no basis in fact" (Compl., ¶ 7),

> "to extort from Merkle . . ." (Compl., ¶ 8),

> with the allegations of Hay's complaint being "an utter fabrication intended to force Merkle to pay Hay large sums of money or risk damage to his reputation and practice of law" (Compl., ¶ 9),

> with Hay "know[ing] that the allegations made in her Superior Court complaint are false and were made willfully and maliciously with the intent to damage Merkle's reputation and personal financial situation" and "undertaking and maintaining litigation against Merkle solely to extort money from him under threat of irreparable damage to his reputation and practice of law and not on account of any viable claim for injury or damages on Hay's part" (Compl., ¶ 10); and

> "[a]s a direct and proximate result of the willful and malicious filing of a false claim, Merkle has

2

>      already sustained significant damage to his reputation
>      and incurred expenses for defense of the spurious
>      action in the Superior Court" (Compl., ¶ 12).

The complaint sufficiently alleges that Hay willfully and maliciously filed and pursued the complaint to inflict injury on Merkle's person and his property such that any damages recoverable by reason of nonbankruptcy law constitute a debt that is nondischargeable under 11 U.S.C. § 523(a)(6).

For Merkle to recover a judgment, however, he must establish a basis under nonbankruptcy law (here, the law of the District of Columbia).

## II

To the extent that the complaint is argued to constitute libel, it does not because allegations in civil proceedings are protected from being pursued as libel.

## III

The complaint can be read as attempting to set forth a debt owed Merkle for the tort of malicious prosecution (although it does not refer to the tort by name) committed by the defendant Hay pursuant to the filing of a baseless civil action complaint in the Superior Court of the District of Columbia making malicious allegations against Merkle.

### A.

The amount of damages recoverable for malicious prosecution presents questions of law (what kind of damages does District of

Columbia law permit to be recovered for the malicious prosecution of a civil action) and of fact (what damages of that kind did Merkle suffer and what was the amount of those damages suffered by Merkle). Merkle has not yet presented any evidence establishing a legal right to recover damages in connection with his claim for malicious prosecution. In the adversary complaint, Merkle alleges that "[a]s a direct and proximate result of the willful and malicious filing of a false claim, Merkle has already sustained significant damage to his reputation and incurred expenses for defense of the spurious action in the Superior Court filed by Ms. Hay." (Compl. ¶ 12.) As previously observed by this court, however, "the District of Columbia has adopted a minority rule requiring the plaintiff in [a malicious prosecution suit] to plead special injury occasioned by plaintiff as the result of the original action." <u>Whitaker v. R&W Enterprises, Inc. (In re Whitaker)</u>, 1995 WL 908051, at *2 (Bankr. D.D.C., Oct. 27, 1995) (internal quotations and citations omitted). As in <u>Whitaker</u>, the injuries complained of by Merkle in his malicious prosecution claim appear to be "those which might normally be incident to the service of process on anyone involved in a legal suit. . ." and do not appear to be the type of special injuries contemplated by the D.C. rule, which include "seizure of property, arrest of person, repeated malicious prosecution of unsuccessful suits asserting differing groundless claims, or unsuccessful

4

prosecution of a suit after promising it would be dismissed and after a default judgment was set aside." Id. (internal quotations and citations omitted); see Martin v. Trevino, 578 S.W.2d 763, 767 (Tex. Civ. App. 1978) (costs incident to litigation and professional defamatory-type damages do not constitute special injury actionable in a malicious prosecution claim), cited favorably in Morowitz v. Marvel, 423 A.2d 196, 198 (D.C. 1980).  So far, the plaintiff has failed to articulate any facts demonstrating that he sustained a "special injury" for which damages may be awarded under District of Columbia law.

B.

Likewise, even if special injury is adequately demonstrated, Merkle must also show that the underlying suit was terminated in his favor, otherwise "the claim is premature or contingent." Id. (citing Whelan v. Abell, 953 F.2d 663, 670 (D.C. Cir. 1992)).  In the District of Columbia, "favorable termination does not require a final disposition on the merits; rather, any termination that reflects on the innocence of the defendant in the underlying suit may suffice." Whelan, 953 F.2d at 669 (internal quotations omitted).  Hay's Superior Court claim has been dismissed, and Merkle's counterclaim is pending.  The judgment dismissing Hay's claim, however, may not have been made a final judgment and may remain a non-final judgment because not all claims were disposed of.  However, the court assumes that the dismissal constitutes a

ruling constituting a disposition for purposes of the tort of malicious prosecution: all that is left is Merkle's counterclaim for the damages arising from Hay's malicious complaint.

IV

The District of Columbia also recognizes a tort of abuse of process, but takes a restrictive view of that tort. In Morowitz, 423 A.2d at 198, the court held that merely filing a claim in a lawsuit was not actionable, "no matter what ulterior motive may have prompted it." Rather, the tort requires a showing that the legal system "has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do." Id. A plaintiff must show that there was a "perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." Id. Merkle's complaint identifies three forms of damage, but does not establish they are recoverable based on the tort of abuse of process.

First, Merkle's expenses of litigation in the Superior Court action are a normal incident of litigation and thus are not recoverable based on an abuse of process.

Second, although Merkle alleges that the lawsuit's purpose was to extort money from Merkle, he does not allege that this purpose was achieved, and no tort of abuse of process exists if

the improper end sought was not achieved.  See Morowitz, 423 A.2d at 198-99 ("[w]ithout more, appellants' proffer that appellee filed the counterclaim with the ulterior motive of coercing settlement is deficient").

Finally, Merkle alleges that the lawsuit damaged his reputation.  Hay's spite in disparaging Merkle is not by itself enough, and embarrassing allegations are, without more, an ordinary incident of litigation.  However, as this court noted in Whitaker, 1995 WL 908051, *3:

> For an abuse of process to arise from a lawsuit, it might suffice if there is a showing that the original plaintiffs, even if failing to achieve their ulterior goal, "succeeded in deliberately causing collateral damage (apart from the litigation itself) to the [other party] as part of their scheme.'" Whelan v. Abell, 953 F.2d [663,] 670-71 [(D.C. Cir.), cert. denied, 506 U.S. 906 (1992)].  But see Harrison [v. Howard University], 846 F. Supp. [1,] 3 n.3 [(D.D.C. 1993), aff'd, 48 F.3d 562 (D.C. Cir.), cert. denied, 516 U.S. 821 (1995)]. For example, "an allegation that the original plaintiff seriously damaged the complaining party's business opportunities for an unfulfilled purpose, such as coercing financial concessions, is adequate to satisfy the 'achievement' element of the tort." Whelan, 953 F.2d at 671.

The litigation must accomplish some outrageous end.  Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639, 883 F.2d 132, 138 (D.C. Cir. 1989), rev'd in part on other grounds, 913 F.2d 948 (D.C. Cir. 1990) (en banc), cert. denied, 501 U.S. 1222 (1991).  In Whelan, the court distinguished Yellow Bus as upholding a judgment because no significant injury was proven, whereas in Whelan the defendant had intentionally caused severe

financial injury through prosecution of the legal proceedings. Whelan, 953 F.2d at 671.  Thus, for the tort of abuse of process to exist, Whelan appears to require **serious** damage inflicted as a result of the lawsuit and not contemplated in the regular prosecution of the lawsuit.  In any event, without a showing of actual damage, it is unclear that any recovery would be possible: nominal damages are recoverable in contract actions, but Merkle has not addressed whether nominal damages may be recovered in tort actions.  See Belmar v. Garza, 319 B.R. 748, 760 (Bankr. D.D.C. 2004).

Finally, in Morowitz, the Court of Appeals held that damage to professional reputation was not a special damage for purposes of malicious prosecution, 423 A.2d at 198, and separately affirmed a dismissal of the abuse of process claim without mentioning the alleged damage to professional reputation.  This suggests that mere harm to reputation does not constitute the "achievement of some end not contemplated in the regular prosecution of the charge" required by Morowitz, id., for an abuse of prosecution claim to lie.

V

Although Merkle's complaint does not purport to invoke Rule 11, the court is mindful that the allegations set forth in the complaint would support a Rule 11 motion for sanctions in the Superior Court.  Super. Ct. Civ. R. 11(c).  Rule 11, however, "is

not a simple fee-shifting provision, designed to reduce the net cost of litigation to the prevailing party." Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir. 1993).  Instead, its purpose is to "discourage frivolous or dilatory litigation, to punish abusive litigants, and to compensate opposing parties whose expenses have been driven up or who have been otherwise prejudiced." Montgomery v. Jimmy's Tire & Auto Center, Inc., 566 A.2d 1025, 1030 (D.C. 1989).  The imposition of Rule 11 sanctions in the District of Columbia is discretionary and is "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Super. Ct. Civ. R. 11(c)(2).

   Notwithstanding Merkle's right to pursue Rule 11 sanctions in lieu of bringing a claim for malicious prosecution, this court is not inclined to step into the shoes of the Superior Court for purposes of determining what, if any, Rule 11 sanctions that court might, in the exercise of its discretion, deem appropriate to discipline Rona Hay in connection with her conduct in the Superior Court.  Indeed, the Superior Court is uniquely situated to assess the conduct of the parties appearing before it, and is better positioned to determine what sanctions would deter similar conduct in the future.  Schubert's Marine Sales and Service, Inc.

v. M/V Reeter II, 724 F. Supp. 1229, 1231 n. 2 (N.D. Ill. 1989).[1]

Although this court has made a clear decision with respect to the dischargeability of the debt owed Merkle by Hay, this

---

[1]   In declining to entertain a party's Rule 11 sanctions motion in which it was alleged that opposing counsel's conduct in a sister court violated Rule 11, the U.S. District Court for the Northern District of Illinois made the following observation:

> The only aspect of this case which causes the court to pause is [the] motion for Rule 11 sanctions.  As the Seventh Circuit noted recently in Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 933 (7th Cir. 1989) (en banc), "each Rule 11 case in the district court is unique, just as every tort suit is unique." District courts are in a special position to assess the conduct of the attorneys who practice before them.  It would offend comity for this court to sit in judgment of the actions of attorneys before a coordinate jurisdiction.  The [U.S. District Court for the Eastern District of Louisiana] also would be in a better position to decide what sanctions are appropriate in this case, as it has witnessed the actions of [counsel] and knows better what sanctions will deter similar conduct before that court.

Schubert's Marine, 724 F. Supp. at 1231 n. 2.  Similarly here, and without prejudice to the filing of a Rule 11 motion in the Superior Court, it would be inappropriate for this court -- which did not bear witness to the conduct to be sanctioned and is not the court in which the sanctions would aim to deter similar conduct in the future -- to determine what Rule 11 sanctions the Superior Court might impose on Rona Hay.
   Furthermore, the filings in this case reflect that Hay was represented by counsel in the Superior Court litigation, which presents the question of whether just Rona Hay, her counsel, or both would be the appropriate target of sanctions.  This court does not have jurisdiction over Rona Hay's Superior Court counsel, and it would have no basis upon which to allocate responsibility between Hay and her counsel for purposes of imposing Rule 11 sanctions.  Montgomery, 566 A.2d at 1030 ("to fulfill the purpose of the rule, the trial court must specifically and precisely decide who should be sanctioned for a given paper, i.e., the signer, the represented party, or both").

court declines, in fixing damages, to make a determination regarding the amount of Rule 11 sanctions the Superior Court might, in the exercise of its discretion, impose upon Rona Hay if confronted with a Rule 11 motion.

VI

As a matter of nonbankruptcy law, Merkle is entitled to recover taxable costs in the Superior Court action.  Those costs, if any, will be nondischargeable.  However, the costs ought to be recovered in the Superior Court.  The clerk of the Superior Court is charged with taxing costs pursuant to the filing of a bill of costs.  This court ought not become involved in the ministerial task of taxing costs reserved to the clerk of the Superior Court (or in the Superior Court's review, on motion, of the taxation of such costs).

VII

In light of the foregoing, it is

ORDERED that a judgment shall in due course be entered against the defendant declaring that whatever debts are owed the plaintiff Patrick G. Merkle by the defendant Rona Hay arising from her filing and pursuit of a civil action complaint in the Superior Court of the District of Columbia making malicious allegations against Merkle are nondischargeable based on 11 U.S.C. § 523(a)(6).  It is further

ORDERED that a hearing to fix the debt owed Merkle (other

than under Rule 11 or taxable costs), or for him to announce that he has elected to proceed on his counterclaim in the Superior Court in lieu of fixing the debt here, shall be held on March 7, 2006, at 2:00 p.m.

[Signed above.]

Copies to: All counsel of record.